**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Roosevelt MALDONADO, | ) | No. CIV 06-1875 -PHX-SMM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| CACV of Colorado, LLC, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

This matter comes before the Court on Defendants' Motion for Judgment on the Pleadings (Dkt. 13) pursuant to Federal Rule of Civil Procedure 12(c).

**BACKGROUND**

Plaintiff Roosevelt A. Maldonado ("Plaintiff") entered into a credit card agreement with Aspire/CompuCredit Visa ("Aspire") in 1999. The Cardmember Agreement for the credit card provided that the laws of the State of Georgia would control all disputes between Plaintiff and Aspire. Defendant CACV of Colorado ("CACV") is a limited liability company that acquires consumer debts, delinquent at the time of acquisition. In January, 2004, CACV acquired the debt owed by Plaintiff to Aspire.

After acquiring Plaintiff's debt from Aspire, CACV retained Kathryn A. Neuheisel and the Neuheisel Law Firm for the purpose of collecting Plaintiff's delinquent debt. On April 6, 2005 Defendants obtained a default judgment against Plaintiff in the North Valley Justice Court and on June 29, 2005 Defendants' filed their Application for Writ of

Garnishment to enforce the judgment. The Application for Writ of Garnishment included a demand for post-judgment interest at the rate of 10% per annum.

On October 11, 2006, a Scheduling Conference was to be held in this matter. However, the parties asked the Court to resolve the instant motion for judgment on the pleadings first, before holding a Scheduling Conference, and reset the conference for a later date if necessary. According to the parties, the major issue in this case involves a pure question of law that the instant motion would resolve: whether Defendants violated the FCRA by demanding a 10% interest rate on the default judgment entered in the North Valley Justice Court. The matter is now fully briefed and ripe for disposition by the Court.

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). For purposes of a motion for judgment on the pleadings, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are to be assumed as false. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Honey v. Distelrath*, 195 F.3d 531, 532-33 (9th Cir. 1999).

## DISCUSSION

Plaintiff's Complaint alleges Defendants violated the Fair Debt Collection Practices Act (hereinafter "FDCPA") by: (1) attempting to collect an amount not specifically authorized by contract or law in violation of 15 U.S.C. § 1692f(1); (2) threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5); and (3) use of unfair and deceptive debt collection practice in violation of § 15 U.S.C. 1692e(10). (Dkt. 1 at 5).

1   All of Plaintiff's claims arise from the interest rate demanded by Defendants in their
2   Application for Writ of Garnishment filed in the North Valley Justice Court, which
3   demanded post-judgment interest at the rate of 10% per annum. According to Plaintiff,
4   "Georgia law provides that the rate of interest on a judgment is equal to the prime rate as
5   published by the Board of Governors of the Federal Reserve System, as published in
6   statistical release H.15 or any publication that may supersede it, on the day judgment is
7   entered, plus 3 percent, [which] was 8.75 percent on April 6, 2005." By demanding post-
8   judgment interest at a rate that exceeded the rate prescribed by Georgia law, Plaintiff argues,
9   Defendants violated various provisions of the FDCPA.

10   Plaintiff correctly recited the Georgia law regarding interest on judgments; however,
11   he overlooked a critical provision directly applicable to this case. Pursuant to O.C.G.A. §
12   7-4-12(b), "[i]f the judgment is rendered on a written contract or obligation providing for
13   interest at a specified rate, the judgment shall bear interest at the rate specified in the contract
14   or obligation." The periodic interest rate on the Cardmember Agreement is 31.75% on
15   current purchases, or 37.75% when the account is delinquent. (Dkt. 11, Exhibit A). Thus,
16   the 10% interest rate on the judgment is substantially less than Defendants were entitled to
17   recover pursuant to Georgia law and the terms of the Cardmember Agreement. As
18   Defendants astutely observed, "Plaintiff's theory casts him in the peculiar position of
19   claiming that Defendant violated the law by obtaining judgment against him for less than
20   would have been statutorily permissible." (Dkt. 22 at 4).

21   Plaintiff argues O.C.G.A. § 7-4-12(b) does not apply to the present action because
22   the default judgment was not rendered on the Cardmember Agreement, but rather on the
23   pleadings submitted by Defendants in that action. According to Plaintiff, Defendants must
24   prove that the default judgment was rendered based upon Georgia law for the "exception"
25   in O.C.G.A. § 7-4-12(b) to apply. The Court disagrees. Based upon the clear language of
26   the statute, O.C.G.A. § 7-4-12(b) applies to judgments "rendered on a written contract or
27   obligation providing for interest at a specified rate." Thus, if a written contract or obligation

28
- 3 -

1 provides a specific interest rate, then O.C.G.A. § 7-4-12(b) applies.  If a written contract or
2 obligation does not contain a specific interest rate, then O.C.G.A. § 7-4-12(a) applies.

3     Moreover, the Court finds that Plaintiff's arguments regarding the failure to provide
4 notice and request for attorneys' fees are equally unpersuasive.  Defendant CACV is in the
5 business of acquiring delinquent debts from companies, such as Aspire, and then attempting
6 to collect those delinquent debts. Without the Aspire Cardmember Agreement, CACV would
7 have not have been able to obtain a judgment against Plaintiff in the North Valley Justice
8 Court.  While the default judgment did not rigidly adhere to the terms of the Cardmember
9 Agreement, the Court finds that it was based upon that Cardmember Agreement and the
10 deviations from the agreement only served to benefit Plaintiff.  For example, had the terms
11 of the Cardmember Agreement been enforced rigidly, then the judgment would have a 37.5%
12 rate of interest, as opposed to the 10% actually charged.  In addition, the letter sent by
13 Defendant Neuheisel to Plaintiff on November 12, 2004, provided sufficient notice of the
14 delinquent debt and allowed Plaintiff 30 days, as opposed to the 10 days required under
15 Georgia law, to resolve the outstanding debt.  In short, the Court finds that Plaintiff has failed
16 to provide any evidence, legal or factual, to support any of the allegations raised in his
17 Complaint and Defendants are entitled to judgment as a matter of law.

18     In addition to opposing Defendants' motion on the merits, Plaintiff requests the
19 opportunity to amend his Complaint should the Court "rule otherwise." (Dkt. 21 at 7). Because
20 this request was made after Defendants served their Answer to the Complaint, Plaintiff is not
21 entitled to amend his pleading as a matter of course. Fed. R. Civ. P. 15(a).  However, Rule
22 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P.
23 While leave to amend is not automatic, it will generally be granted unless the opposing party
24 makes a showing of "undue delay, bad faith or dilatory motive on the part of the movant,
25 repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to
26 the opposing party by virtue of allowance of the amendment or futility of amendment. Foman
27 v. Davis, 371 U.S. 178, 182 (1962).  Here, the Court finds that granting Plaintiff leave to

28
- 4 -

amend his Complaint would be futile because the facts failed to establish any violations of the FDCPA and Defendants have clearly shown that further amendments would only serve to prolong this meritless action.

As a final matter, Defendants requested an award of attorneys' fees pursuant to 28 U.S.C. § 1927 in their Motion for Judgment on the Pleadings. (Dkt. 13 at 5). The Court finds no evidence that counsel for Plaintiff acted unreasonably or vexatiously in this matter and therefore will not award Defendants attorneys' fees.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (Dkt. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED this 18th day of January, 2007.

Stephen M. McNamee
United States District Judge